UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61010-Civ-SCOLA

RONALD MICKLAS,

    Plaintiff,

vs.

CAROL-LISA PHILLIPS, LISA WHITE,
J. ROBERT MIERTSCHIN, JR., P.A.,
HOWARD C FORMAN in his individual
and official capacity, J. DOE #1 CLERK,
J. DOE #2 CLERK, FRED A. HAZOURI,
JONATHAN D. GERBER and BURTON
C. CONNER,

    Defendants.
_____ /

## **ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT**

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is **DISMISSED with prejudice**. Additionally, all pending motions are **DENIED AS MOOT**.

In his *in forma pauperis* complaint, the Plaintiff alleges that, pursuant to 42 U.S.C. § 1983, Florida state court judge Carol-Lisa Phillips, Florida state appellate judges Fred A. Hazouri, Jonathan D. Geber, Burton C. Conner, and Clerk of Court for the 17th Judicial circuit Howard Forman acted under color of state law to deprive him of the right to procedural and substantive due process. The complaint also brings state law claims for violation of various Florida statutes, gross negligence, and retaliation against Howard Forman. Finally, the complaint brings claims against Lisa White, a private attorney, for negligence, fraud and for conspiracy to violate civil rights pursuant to § 1983.

1

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under Fed, R. Civ. P. 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious."  According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id*. at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id*. at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id*. at 327-28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading her complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint.

## I. Claims against Defendant Lisa White

The complaint pleads claims for negligence, fraud, and deprivation of a federal right under color of law pursuant to 42 U.S.C. § 1983 against Lisa White, the private attorney representing the opposing party in the state court case from which these claims arose.

### A. Negligence claims

The facts stated in support of the negligence claims involve White's filings in circuit court of a motion to dismiss the Plaintiff's state court claims and a motion for judgment on the pleadings and an allegation that White conspired to remove Plaintiff's filing of a motion for relief of judgment from the circuit court record. Compl. p. 3-4. The Plaintiff argues that as a result of these filings and the conspiracy to remove documents from the file, the Plaintiff suffered monetary loss by receiving an unfavorable decision in the circuit court and court of appeals. Plaintiff's claim for negligence against White is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. The negligence claim cannot survive dismissal because the Plaintiff fails to allege

any facts either showing or creating an inference that White had any duty to the Plaintiff under Florida law, nor that White breached any duty. White did not represent the Plaintiff, but instead represented the opposing party in the state court case and therefore no facts could support a finding that White had any duty to the Plaintiff. Accordingly, counts II and III for negligence against Lisa White are dismissed.

    B.  Fraud claims

A properly pled claim for fraud must satisfy Federal Rule of Civil Procedure 9(b). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). The instant complaint does not identify what misleading statements or misrepresentations White made, how they misled the Plaintiff, nor how White gained through this alleged fraud. Accordingly, the complaint fails to plead fraud with particularity and counts II and III for fraud against Lisa White are dismissed.

    C.  42 U.S.C. § 1983 claim

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The claim against White under 42 U.S.C. § 1983 must be dismissed because the complaint does not allege that White acted under color of

4

state law or with any authority possessed by virtue of employment or other special relationship to the state. *See id.* ("A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state."). Accordingly, counts XIII and XIV as to Lisa White are dismissed.

   II.    **Eleventh Amendment Immunity**

The Complaint seeks monetary damages for claims against "unknown Broward county clerks" for violation of various Florida statutes, and against Howard Forman, the Clerk of Court for the 17th Judicial Circuit for negligence/retaliation, gross negligence, violation of 42 U.S.C. § 1983, violation of a Florida statute and of the "Federal Concealment Act." Compl. p. 5-6. "The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state."[1] *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (quoting *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir.1990)). This jurisdictional bar applies to cases where the state is named as a defendant, and also extends to cases where "state agencies and other arms of the state" are sued. *Id.* In this respect, "[t]he Eleventh Amendment prohibits actions against state courts." *Id.*; *see also McBrearty v. Koji*, 348 F. App'x 437, 440 (11th Cir. 2009) (applying Eleventh Amendment immunity to a Florida District Court of Appeals). "[T]he immunity extends beyond the state and encompasses state agencies, officials and employees 'when the action is in essence one for the recovery of money from the state.'" *Karpovs v. State of Miss.*, 663 F.2d 640, 643 (5th Cir. 1981)(quoting *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945)). Accordingly, counts IV, V, VI, VII, VIII, IX, X as to Howard Forman and unknown Broward county clerks are dismissed.

---

[1] "Although the Eleventh Amendment only expressly prohibits suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits brought against a state by its own citizens." *In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

### III. Judicial Immunity

The complaint pleads two claims pursuant to §1983 against Florida Fourth District Court of Appeals judges Fred A. Hazouri, Jonathan D. Gerber, and Burton C. Conner alleging that they "acted without original jurisdiction" and "did not act judicially" by affirming the order of circuit court Judge Carol-Lisa Phillips. Compl. p. 8-9. The complaint also pleads a claim for conspiracy to violate civil rights under § 1983 against Judge Philips. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 Fed. App'x. 437, 439 (11th Cir. 2009). The complaint does not plead facts supporting any inference that these judges acted in the clear absence of all jurisdiction.

To the extent that the claims asserted by the Plaintiff seek a review of the determinations made by the appellate or circuit court, this Court lacks jurisdiction to review those claims. *See Hollins v. Wessel*, 819 F.2d 1073 (11th Cir. 1987)("The jurisdiction possessed by district courts is strictly original, and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States pursuant to 28 U.S.C. § 1257.")(citations omitted).

Accordingly, counts I, XI, XII, and XIV are dismissed.

### IV. Conclusion

After reviewing the entire complaint, the Court concludes that the claims are indisputably meritless or barred under the principles of sovereign and judicial immunity.  Accordingly, it is

**ADJUDGED** that this case is **DISMISSED with prejudice**, and all pending motions are **DENIED AS MOOT**.  This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 28, 2012.

_____
ROBERT N. SCOLA JR.
UNITED STATES DISTRICT JUDGE

Copies provided to:
Ronald Micklas
2340 SW 83rd Terrace,
Davie, FL 33324